IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HOPE LEIGH CUNIGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:16cv498-SRW |
| ) | |
| NANCY A. BERRYHILL,[1] ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION AND ORDER**[2]

This is the second time that plaintiff Hope Leigh Cunigan has appealed to this court from a final adverse decision by the Commissioner on the plaintiff's October 9, 2007 Title II application for a period of disability and disability insurance benefits. *See Cunigan v. Astrue*, Case No. 2:11-cv-00180-SRW, 2012 WL 4208940, at *1 (M.D. Ala. Sept. 20, 2012) (remanding to the Commissioner for additional proceedings); R. 9. Plaintiff commenced this action on June 27, 2016, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner denying the October 9, 2007 application. *See* Doc. 1; Doc. 14. Plaintiff alleged "disability beginning December 31, 2004

---

[1] Nancy A. Berryhill is the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin, Acting Commissioner of Social Security, as the defendant in this lawsuit. The Clerk of Court is **DIRECTED** to take the appropriate steps to reflect this change on the docket sheet.

[2] For the purposes of this appeal, the court uses the Code of Federal Regulations ("C.F.R.") that was effective until March 27, 2017, as that was the version of the C.F.R. in effect at the time the claim was filed. *See* 20 C.F.R. Part 404 and 416, effective March 27, 2017; *see also* https://www.ssa.gov/disability/professionals/bluebook/revisions-rules.html Q. 3.

1

due to 3 bulging discs and arthritis in neck, back pain, carpal tunnel in right hand/wrist." *Cunigan*, 2012 WL 4208940, at *1 (internal marks and citations omitted). On July 6, 2015, Administrative Law Judge Paul Whitson Johnson ("the ALJ") issued an adverse decision after holding a hearing on the plaintiff's application.[3] *See* R. 659-667. The Appeals Council denied plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner. *See* R. at 648-55.

In the instant appeal, the plaintiff asks the court to reverse the Commissioner's adverse decision and award benefits or, in the alternative, to remand this cause to the Commissioner under sentence four of 42 U.S.C. § 405(g). *See* Doc. 14 at 10. This case is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). The parties have consented to entry of final judgment by the Magistrate Judge. *See* 28 U.S.C. § 636(c). *See* Doc. 11; Doc. 12. For the reasons stated herein, and based upon its review of the record, the court finds that the Commissioner's decision is due to be affirmed.

## STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v.*

---

[3] Plaintiff was represented by counsel at the hearing before the ALJ. *See* R. 659.

*Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.* A reviewing court "may not decide facts anew, reweigh the evidence, or substitute [its] decision for that of the [Commissioner]." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). In other words, this court is prohibited from reviewing the Commissioner's findings of fact *de novo*, even where a preponderance of the evidence supports alternative conclusions.

While the court must uphold factual findings that are supported by substantial evidence, it reviews the ALJ's legal conclusions *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, it must reverse the ALJ's decision. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder. The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" that "must result from anatomical,

physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

(1) whether the claimant is currently employed;

(2) whether the claimant has a severe impairment;

(3) whether the claimant's impairment meets or equals an impairment listed by the Commissioner;

(4) whether the claimant can perform his or her past work; and

(5) whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to a formerly applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561, 562-63 (7th Cir. 1999); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). The sequential analysis goes as follows:

> Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job.

*Pope*, 998 F.2d at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show that such work exists in the national economy in significant numbers. *Id.*

## DISCUSSION

The period of time at issue regarding the plaintiff's October 9, 2007 application for benefits is limited to the plaintiff's alleged onset date of December 31, 2004 through her date last insured, September 30, 2006.[4] R. 661. Following the ALJ's third and most recent hearing on the plaintiff's application, the ALJ found that the plaintiff suffers from the severe impairments of "right shoulder tendonitis; right carpal tunnel syndrome; and chronic left shoulder pain, status post rotator cuff repair July 2004." R. 661. The ALJ concluded that the plaintiff does not have an impairment or combination of impairments that meets or medically equals a listed impairment. *See* R. at 662. As he must, the ALJ considered all of the plaintiff's impairments individually and collectively in determining the plaintiff's residual functional capacity ("RFC"). *See* R. 662-65.

The ALJ made the following RFC determination:

[T]hrough the date last insured, the claimant has the [RFC] to perform light work as defined in 20 CFR 404.1567(b) except she could only occasionally reach overhead bilaterally. She could frequently, but not constantly, finger with the right upper extremity. She could not climb ladders, ropes, or scaffolds.

R. at 662. At step four, the ALJ found that the plaintiff could not perform her past relevant work. *See* R. at 665. At step five, relying on the Medical-Vocational Rules and on the testimony of a vocational expert ("VE"), the ALJ concluded that, "[c]onsidering the [plaintiff's] age, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the [plaintiff] could have

---

[4] The plaintiff filed an application for Supplemental Security Income ("SSI") benefits in 2012. Except as discussed herein, that application is not at issue in the instant appeal.

performed." R. 666. The ALJ's findings resulted in a determination that the plaintiff "was not under a disability … from December 31, 2004, the alleged onset date, through September 30, 2006, the date last insured." R. at 667 (citing 20 C.F.R. § 404.1520(g)).

The plaintiff raises two arguments in support of this appeal: (1) the ALJ erred by finding in the RFC that plaintiff can "frequently, but not constantly, finger with her right upper extremity," which caused error at step five because there are not jobs that exist in the national economy if plaintiff cannot finger with her right upper extremity; and (2) the ALJ did not comply with a directive from the Appeals Council.[5] Doc. 14 at 7-10. The Commissioner maintains that the ALJ applied proper legal principles and that her decision is based on substantial evidence. The court agrees with the Commissioner.

---

[5] The plaintiff's two arguments in favor of remand are not supported by even a single citation to legal authority or to the administrative record. The plaintiff's omission of legal argument and supporting authority complicates this court's review of the issues on appeal. The Eleventh Circuit recently reiterated that,

> "To prevail on a particular theory of liability, a party must present that argument to the district court. Our adversarial system requires it; district courts cannot concoct or resurrect arguments neither made nor advanced by the parties." *Fils v. City of Aventura*, 647 F.3d 1272, 1284 (11th Cir. 2011) (citation omitted); *see also Maradiaga v. United States*, 679 F.3d 1286, 1293-94 (11th Cir. 2012) ("[D]istrict courts cannot concoct or resurrect arguments neither made nor advanced by the parties. That federal courts can take notice of [the law] does not mean that a party ... need not cite it to the court or present argument based upon it, or that federal courts must scour the law ... for possible arguments a [party] might have made.") (citation and quotation marks omitted); *cf. In re Antrobus*, 563 F.3d 1092, 1099-1100 (10th Cir. 2009) ("Under our rules we are not permitted to invent arguments even for *pro se* litigants; certainly, we cannot revive ones foregone nearly a year ago by such well-counseled litigants."); *Yeomalakis v. FDIC*, 562 F.3d 56, 61 (1st Cir. 2009) ("It is not our job, especially in a counseled civil case, to create arguments for someone who has not made them or to assemble them from assorted hints and references scattered throughout the brief.").

*Reaves v. Sec'y, Fla. Dep't of Corr.*, 872 F.3d 1137, 1149 (11th Cir. 2017). Also, "[t]he onus is upon the parties to formulate arguments[.]" *A.L. v. Jackson Cty. Sch. Bd.*, 635 F. App'x 774, 787 (11th Cir. 2015) (quoting *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995)).

## I. Substantial evidence supports the ALJ's RFC determination.

The plaintiff maintains that, at the first hearing before an ALJ, the ALJ found that plaintiff "cannot frequently handle and finger with her right arm / hand," and that the VE at the first hearing testified that, if the plaintiff "is limited to frequent handling and fingering with her right arm / hand, she would not be able to perform her past work or any other jobs in the national or regional economy which exist in significant numbers." Doc. 14 at 8 (bold emphasis omitted). Regarding the most recent finding by the ALJ that plaintiff can "frequently, but not constantly, finger with her upper right extremity," the plaintiff contends that there is "[n]o additional medical or other evidence [that] was submitted at the third hearing to justify a change in the [plaintiff's RFC] and thus said finding was also not supported by substantial evidence." *Id.* at 9.

The ALJ's prior decisions are referenced as the plaintiff's primary evidence in support of this argument. However, the Appeals Council vacated the ALJ's first and second written decisions, s*ee* R. 764, 788-89; the only decision by an ALJ that was not vacated is Judge Johnson's July 6, 2015 written decision, which is the Commissioner's final decision appealed by plaintiff to this court. As the Commissioner correctly observes, an ALJ's decisions are not evidence. *Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 822 (11th Cir. 2015) ("A decision [by an ALJ] is not evidence any more than evidence is a decision."). Thus, the court does not consider the ALJ's first two written decisions because they were vacated and they are not evidence.

The plaintiff also points to a lack of new evidence to support the ALJ's RFC finding that the plaintiff can "frequently, but not constantly, finger with the upper right extremity"

7

in arguing that the ALJ erred in this case. Doc. 14 at 9. However, the ALJ had substantial evidence in the record to support his RFC determination on this point. Test results from January 6, 2000, interpreted by Dr. Ben Wouters, M.D., Ph.D., show that the plaintiff had full range of motion on her right extremity, despite some tenderness. R. 319. Dr. Wouters identified right carpal tunnel syndrome. *Id.* Office visit notes from September 14, 2000, provide that "EMG and nerve conduction studies performed by Dr. Wouters do[] show a mild right carpal tunnel syndrome and no other abnormalities in the right upper extremity." R. 175; *see also* R. 329 (January 6, 2000 EMG results). Those same treatment notes indicate that the medical examiner did not recommend surgery or injections to the subacromial space because the plaintiff was improving with therapy and medication treatment. *Id.*

The ALJ notes that the plaintiff underwent surgery in July 2004 to repair her right rotator cuff. R. 664. The ALJ further found that:

> the evidence of record shows that the claimant had very limited treatment for [right extremity] impairments during the period of December 31, 2004 through September 30, 2006 …. Records indicate a positive response to the rotator cuff repair prior to the period at issue. She was not followed on a regular basis by a treating physician for these impairments. She had no additional emergency room visits, hospitalizations, additional surgeries, physical therapy, or referral to a pain management specialist during the relevant period of December 31, 2004 through September 30, 2006 for these impairments.

R. 664-65 (citing Exhibits 3F, 4F, 11F). To the extent that the plaintiff argues that there is not new evidence to support the ALJ's RFC determination, the court concludes that the evidence in the administrative record from the relevant time period is sufficient to support the ALJ's decision.

Moreover, "[a]n individual claiming Social Security disability benefits must prove that she is disabled." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam) (citation omitted). The Commissioner argues that the plaintiff has not identified or produced evidence that she has a restriction greater than the ALJ's RFC finding as to fingering with her right upper extremity. Doc. 15 at 6. "[W]hen there is no allegation of a physical or mental limitation or restriction of a specific functional capacity, and no information in the case record that there is such a limitation or restriction, the adjudicator must consider the individual to have no limitation or restriction with respect to that functional capacity. Titles II & Xvi: Assessing Residual Functional Capacity in Initial Claims, SSR 96-8P (S.S.A. July 2, 1996); 1996 WL 374184, at *3 (July 2, 1996). The plaintiff has not adduced evidence in this record to support a more restrictive RFC finding as to her right upper extremity, or in support of her argument that the ALJ's determination is not based on substantial evidence.

The court concludes that the ALJ's RFC findings are based on substantial evidence, which is cited and discussed in the ALJ's written decision. Moreover, the court has carefully scrutinized the entire record, and it concludes that the ALJ's decision with regard to the RFC is based on substantial evidence. While the plaintiff disagrees with the ALJ's factual findings, this court cannot reweigh the evidence and is limited to determining whether there is substantial evidence to support the Commissioner's decision. *See Dyer*, 395 F.3d at 1210.

## II.     The ALJ complied with the Appeals Council's Order.

On October 12, 2012, the Appeals Council remanded this cause to the ALJ for another hearing and with instructions for the ALJ "to consider whether the evidence secured for the February 2012 application for Supplemental Security Income allows for any inferences about the nature and severity of the Claimant's impairments through her September 2006 date last insured." Doc. 14 at 9; R 764. An ALJ must "take any additional action that is not inconsistent with the Appeals Council's remand order." 20 C.F.R. § 404.977(b). The plaintiff asserts that the "ALJ's decision appears to be based entirely on the medical and other evidence that existed as of the September 2006 date last insured." Doc. 14 at 9. The administrative record belies the plaintiff's argument.

The plaintiff was represented by attorney James R. Bowles at the most recent hearing before the ALJ, and Mr. Bowles is plaintiff's counsel of record in this court. Doc. 14 at 10; R. 659. During the ALJ's most recent hearing, the ALJ discussed the Appeals Council's order and informed Mr. Bowles that the ALJ had added the evidence that "you and I had collected" into the administrative record, and the ALJ informed those in attendance that the medical records for the period after the plaintiff's date last insured were submitted to the medical expert, James Anderson, M.D., for consideration. R. 677, 692-93. *See also* Exhibit 21F – 30F; R. 692 (ALJ discussing admission of Exhibits 24F, 26F – 29F into the administrative record); R. 1079-87 (Dr. Anderson's May 4, 2013 evaluation of the medical evidence in the administrative record and medical source opinion).

The ALJ assigned "great weight" to Dr. Anderson's May 4, 2013 medical source evidence. R. 665. Dr. Anderson did not indicate any limitations based on the evidence after the plaintiff's date last insured, even though he received the medical evidence that was

furnished to him by the Commissioner; he found that there was sufficient medical evidence of record to conduct his review and form opinions. *See* R. 1079. Plaintiff has not identified any evidence that Dr. Anderson did not receive the medical records that post-date the plaintiff's date last insured or that he failed to consider those records, and the court is unable to locate such evidence in this record.

Moreover, the ALJ expressly considered a medical source statement dated March 1, 2012 by an individual who is identified on the record as "Dr. Holt." R. 1074. The ALJ assigned the evidence "little value" because Dr. Holt did not treat the plaintiff prior to her date last insured and "[h]e identified no evidence to support limitations prior to the date last insured." R. 655 (citing Ex. 28F; R. 1073-74). Notably, the plaintiff does not challenge the weight assigned to Dr. Holt's medical source statement.

There is substantial evidence of record that the ALJ complied with the Appeals Council's order. There is also evidence that plaintiff's counsel was aware that the ALJ had complied with the order due to the ALJ's discussion of Dr. Anderson's medical source evidence at length in the written decision. Prior to issuing his written decision, the ALJ informed plaintiff's counsel at the most recent hearing that the medical records were submitted to Dr. Anderson, the Commissioner's medical expert. Also, the ALJ stated on the record of the most recent hearing that the he and plaintiff's counsel worked together to gather medical records that post-date the date last insured.

## CONCLUSION AND ORDER

Upon consideration of the parties' briefs and the record, the Commissioner's decision is based on substantial evidence and is in accordance with controlling law. The Commissioner's decision will be AFFIRMED by a separate judgment.

Done, on this the 29th day of March, 2018.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge